Filed 9/13/16  P. v. Livingood CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ZACHARY TYLER LIVINGOOD,<br><br>Defendant and Appellant. | C080948<br><br>(Super. Ct. Nos.<br>CRF15-2788 & CRF15-2789) |

Appointed counsel for defendant Zachary Tyler Livingood, has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

**BACKGROUND**

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Case No. CRF15-2788:

On May 11, 2015, defendant confronted and hit the victim with a six-inch-long knife. Defendant was charged in case No. CRF15-2788 with assault with a deadly weapon with enhancements for personal use of a deadly weapon and three prior prison terms. (Count 1; Pen. Code, §§ 245, subd. (a)(1), 12022, subd. (b)(1), 667.5, subd. (b).)[1]

Case No. CRF15-2789:

On April 13, 2015, defendant was stopped by police while holding a pair of brass knuckles. Defendant was charged in case No. CRF15-2789 with felony possession of metal knuckles with enhancements for three prior prison terms. (Count 1; §§ 21810, 667.5, subd. (b).)

On June 1, 2015, pursuant to a global plea deal, defendant pleaded no contest to count 1 and admitted a prior prison term in case No. CRF15-2788, and to count 1 in case No. CRF15-2789. All remaining counts and enhancements were dismissed. The parties agreed to an aggregate prison sentence of four years eight months, with three years for count 1 in case No. CRF15-2788 plus one year for the prior prison term and eight months for count 1 in case No. CRF15-2789.

On August 10, 2015, defendant moved to withdraw his plea, arguing he should be sentenced to drug treatment and that he had a defense to the case. The trial court held a hearing and denied defendant's motion.

On August 14, 2015, the trial court sentenced defendant to an aggregate prison term of four years eight months, per the parties' agreement. In both case Nos. CRF15-2789 and CRF15-2788, the trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding parole revocation fine suspended unless parole is revoked

---

[1] Undesignated statutory references are to the Penal Code.

(§ 1202.45), a $40 court operations fee (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no such communication from defendant.  We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　Blease, Acting P. J.


We concur:



　/s/
Robie, J.



　/s/
Mauro, J.

3